## STATE v. RALPH ST. CLAIR.

Springfield Court of Appeals, January 29, 1923.

1. **INTOXICATING LIQUORS**: Evidence Held not to Show That the Article Sold was Intoxicating Liquor. In a prosecution for unlawfully selling and possessing intoxicating liquor, evidence *held* not to show that intoxicating liquor was sold or possessed by defendant.

2. ———: Evidence Held Insufficient to Sustain Conviction. To sustain a conviction for unlawfully selling and possessing intoxicating liquor, there must be some evidence offered by the State that the liquor which defendant sold or possessed was intoxicating.

Appeal from the Circuit Court of Christian County.— *Hon. Fred Stewart,* Judge.

REVERSED.

*Curtis & Vandeventer* for appellant.

(1) The evidence is so vague and uncertain that it will not support a verdict of guilty. (a). Testimony of a purchaser, even not an accomplice, is subject to suspicion. 16 C. J. 684, sec. 1397. (b). An agent who makes a sale of intoxicating liquor is an accomplice of his principal. 16 C. J., supra. (2) There is no evidence that the ''liquor'' was intoxicating. State v. Weagley, 240 S. W. 822; State v. Morrison, 240 S. W. 822.

No brief for respondent.

FARRINGTON, J.—The defendant appealed from a judgment convicting him of selling and possessing in-

toxicating liquor under the prohibition law of the State. Error is assigned because of a failure of evidence showing guilt. We agree with appellant that there is a total failure of proof that intoxicating liquor was sold or possessed by him.

The evidence shows that State's witness Gardner was asked by State's witness Shippman if he knew where they could get some whiskey. Gardner then went to defendant who said he had some and would see about it. Later defendant went to the ball park taking with him two bottles with a liquid in them the color of which Gardner says was "kinda white and brown," that he gave defendant $3 which Shippman had given him with which to buy whiskey. Gardner testified that he tasted it but did not take enough to tell whether it was intoxicating, but that it tasted something like liquor. State's witness Shippman testified that he paid $3 for what he supposed was whiskey, but that it was not whiskey. That he took three or four drinks of it and that it tasted like old herbs and that it had no intoxicating effect on him whatever, That he took it home, gave it to his mother who tasted it and declared it was not whiskey; that she then threw the bottle out of the door and broke it. This is all the evidence concerning what the defendant sold. The charge under the law is that defendant had unlawfully sold and possessed intoxicating liquor. To sustain a conviction on this charge there must be some evidence offered by the State that the liquor which defendant sold or possessed was intoxicating. [State v. Weagley, 240 S. W. 822.] The judgment is reversed. *Cox, P. J.,* and *Bradley, J.,* concur.