ELTON T. HARRIS et al., Appellants, v. CITY OF CAMERON et al., Respondents.[*]

Kansas City Court of Appeals. November 10, 1924.

1. **MUNICIPAL CORPORATIONS: City of Third Class Authorized to Establish Either General or Joint Sewer System Without Establishing District Sewer.** Under sections 8304 to and including 8307, Revised Statutes 1919, a city of the third class has authority to establish either a general or joint sewer system without first establishing a district sewer.

2. **————: Tax Bills: Tax Bills Prima-Facie Evidence of Their Validity and Before Being Declared Invalid Presumption of Validity Must be Overcome.** Tax bills issued for construction of public sewer are prima-facie evidence of their validity and before such tax bills may be declared invalid there must be evidence presented which will overcome such presumption.

3. **————: ————: Construction of Disposal Plant and Outfall Sewer Held Authorized and Tax Bills Issued in Payment Thereof Valid.** Under section 8305, Revised Statutes 1919, the construction of a disposal plant and outfall sewer by city as part of sewer system was authorized, and tax bills issued to pay for sewer system of which it was a part *held* properly issued and valid.

---

*Corpus Juris-Cyc. References; Municipal Corporations, 28 Cyc., p. 950, n. 24, 31, New; p. 1170, n. 82.

Appeal from the Circuit Court of Clinton County.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*E. T. Harris, W. S. Herndon* and *R. H. Musser* for appellants.

*F. B. Klepper* and *C. H. Harrison* for respondents.

ARNOLD, J.—This is a suit in equity whereby plaintiffs seek to have annulled certain tax bills assessed against real estate owned by them in the city of Cameron, Clinton county, Missouri, issued in payment for the construction of sewers in said city. The city of Cameron is a city of the third class and within its corporate limits it organized certain sewer districts designated as numbers 3 and 5. As shown by the record, the city thereafter organized said districts into a joint sewer district known and designated as Joint Sewer District No. 1, and proceeded to build a sewer with a septic tank at its outlet to serve all the territory embraced in Districts 5 and 6 as an outfall or trunk line sewer, to be paid for by special tax bills assessed against the property in Joint Sewer District No. 1. Said sewer was completed and was accepted by the city by ordinance dated October 7, 1921.

Defendants F. A. Meyers and F. A. Peters, doing business under the firm name of Meyers and Peters Construction Company, were the contractors for the building of the sewer in question, and the tax bills were issued to them in payment for their services, under the provisions of an ordinance. Plaintiffs filed their petition for injunction in the circuit court of Clinton county on October 22, 1921, wherein it was sought to enjoin the construction of sewer district No. 5. Work on the sewer was commenced October 24, 1921.

By ordinance No. 1704, the city of Cameron authorized an election on sewers in the city for District No. 5, for May 10, 1921, and ordinance No. 1710 showed the election was held on said date and declared the result of said election to be the defeat of the proposition.

Ordinance No. 1721, of August 19, 1921, proceeded to establish sewer district No. 5, presumably the fifth to be established in said city and the one concerning which the injunction suit was instituted.

The city then by ordinance laid out and established Joint Sewer District No. 1, which embraced within its limits all the property in district No. 5, together with district No. 7, not then constructed. Ordinance No. 1724 provided for the construction of Joint Sewer District No. 1, and by ordinance No. 1728, on September 2, 1921, the city let the contract to build said sewers in Joint District No. 1, with appurtenances, septic tanks, filter bed, etc. Thereupon, by ordinance No. 1736, ordinance No. 1721 was repealed and districts numbered 5 and 7 were established, covering the same territory as formerly had been included in district No. 5.

Thereafter by ordinance No. 1737, the city provided for the building of sewers in district No. 5; ordinance No. 1738 let the contract and by ordinance No. 1744 the city accepted the sewers in Joint Sewer District No. 1. Ordinance No. 1749 accepted those in district No. 5, and ordered tax bills issued therefor. These tax bills were issued as of December 2, 1921.

Prior to this last-named date, as above stated, plaintiffs filed their petition praying an injunction to prevent the construction of the sewer for district No. 5, but before said suit was tried an amended petition was filed praying the cancellation of said tax bills. The tax bills were issued in payment for the sewer in district No. 5 only. The cost of Joint District No. 1 sewer was paid by prior issue of bills levied against all the property in said joint district.

The amended petition charges improper construction of the sewers mentioned therein, but as no evidence was submitted on this point, it may be considered as having been abandoned by plaintiffs, thus leaving the question of the validity of the tax bills issued for district No. 5 the only question for determination at this time.

Plaintiffs urge that as the city of Cameron, by vote, rejected the provisions of sections 8354 to 8371, Revised Statutes 1919, (which is not denied by defendants), this rejection left only sections 8304 to 8307 inclusive, as authority given cities of the third class to establish sewers; and that in these sections no authority is granted to build district or joint district sewers, outfall sewers, disposal plants, septic tanks, filter beds and complete sewer system and to charge the expense against the property-owners by the issuance of tax bills.

It is admitted by defendants that sections 8354 to 8371 inclusive, were rejected by vote, but at the same time, it is insisted that sections 8304, 8305 and 8306, gave full authority to the city to establish sewer district No. 5 and to issue the tax bills in question, and also for the establishment of joint sewer district No. 1. As parties agree that the provisions of sections 8304 to 8306, inclusive, control, under the facts presented, we have only to apply said sections in reaching a conclusion in this appeal.

Section 8304 provides: ''The council shall have power to cause a general sewer system to be established, which shall be composed of four classes of sewers, to-wit: Public, district, joint district and private sewers. Public sewers shall be established along the principal courses of drainage, at such points, to such extent, of such dimensions and under such regulations as may be provided by ordinance, and there may be extensions or branches of sewers already constructed or entirely new throughout, as may be deemed expedient.'' The section further provides for the levying of a tax in such an amount as may be required to pay for the sewer provided by ordinance to be built.

Section 8305 provides district sewers shall be established for the districts created to be prescribed by ordinance, and shall connect with public sewers or other district sewers or with the natural course of drainage, etc. The section further provides that "such districts may be subdivided, enlarged or changed by ordinance at any time previous to the construction of the sewer therein; and more than one district sewer may be laid in a sewer district if deemed necessary by the council for sanitary or other purposes." Further it is provided that the cost of the district sewer shall be apportioned and assessed against the real estate property in the district.

Section 8306 provides, in part, as follows: "Joint district sewers may be constructed by the city whenever the city may deem it necessary that a sewer should be constructed in any part of the city containing two or more sewer districts. In such case it may by ordinance unite such sewer districts into a joint sewer district and cause a sewer to be constructed therein in like manner and in all respects as is provided in the case of district sewers; except in cases of joint district sewers, the city may, if deemed proper, provide in the ordinance creating such joint district sewer that the city shall pay a certain sum, to be specified in said ordinance, toward the payment of such joint district sewer."

There is a further provision in section 8306 for the payment of the construction of joint sewers by the issuance of tax bills as provided in the case of district sewers.

It is urged by plaintiffs that the city of Cameron was without authority to establish either a general or joint sewer system without first establishing the district sewer. Defendants insist that the city was under no such obligation and in support of this contention rely chiefly upon the case of Hall v. Sedalia, 232 Mo. 344, 134 S. W. 650. Plaintiffs declare the rulings of the Supreme Court in that case are concerned chiefly with the constitutionality of the law and that they do not apply to the question of procedure in the case at bar. We think the questions

here involved have been amply covered in that case and the rulings therein have been followed in Sasse v. Black-well et al., 195 S. W. 542. [See, also, McMurry v. Kansas City, 223 S. W. 615 (Mo.), and Williams v. Hybskmann, — Mo. App. —, 247 S. W. 203.] In the case last named it was held that tax bills are prima-facie evidence of their validity.

Before such tax bills may be declared invalid there must be evidence presented which will overcome such presumption. There is no such evidence in this case. On the contrary, the facts presented clearly show that the requirements of the governing statutes were fully and timely met, and the contract let, the work done, and the tax bills properly issued. Plaintiffs insist that the stat-utes which, it is admitted, control in the case at bar, make no provision for the construction of a disposal plant and outfall sewer.

This position is found to be untenable in the light of the provisions of section 8305, wherein it is said "said sewers . . . shall have all the necessary laterals, inlets, catch-basins, manholes and other appurtenances." In Hall v. Sedalia, supra, "other appurtenances" as used in the statute, is held to mean any appliance or structures necessary to the successful operation of the sewer. The opinion declares "a sewer system without a place to dis-pose of the contents would be useless." The same rea-soning applies in the case at bar. A sewer system with-out some method of disposing of the contents would be useless. It must be held, therefore, that the statute cov-ers the situation fully. [See also Sasse v. Blackwell, supra.]

Under the law and the facts as presented, we must hold that the procedure in connection with the tax bills followed the provisions of the statute, and that the tax bills are a valid lien against the property. This ruling covers all questions raised.

The judgment is affirmed. All concur.